RULE for distribution of money in sheriff's hands, the proceeds of sale of land of Robert Thompson.
The mortgage of Hollingsworth was executed August 27, 1850, *Page 433 
and recorded October 15, 1851, at 11 o'clock, A. M.; but judgment was not confessed on the accompanying bond until November, 22, 1852, for $1,200 00.
On the 13th of October, 1851, Thompson and wife executed a mortgage to Peter S. Alrichs for other property, which was recorded October 15, 1851, at 11 o'clock, A. M., after Hollingworth's mortgage; and gave a bond on which judgment was confessed October 15, 1851, for $900 00.
The question was, whether the proceeds of sale of the property mortgaged to Thomas C. Hollingsworth should be applied to his mortgage or to the Alrichs judgment, both being recorded the same day; the formerat 11 o'clock, A. M., the judgment without entry, as to the hour.
 Mr. Patterson, for the mortgage creditor. — Though by legal fiction the law does not notice fractions of a day, this always gives way to any purpose of justice. Fiction is never allowed to do injustice. (2 Blac.Com., 141, note 2; 2 Story's Rep., 571; 3 Green. Rep., 158.) We can get no proof in this case of the precise time of the entry of this judgment. It will be generally impossible, and if the legal fiction of no fractions is allowed, a mortgage may be taken upon a search at noon, in the prothonotary's office, and may be recorded forthwith, and a judgment entered several hours after, even upon a bond taken after, will take precedence of the mortgage. The date of the mortgage (hour) must be entered, the date of a judgment by the hour need not.
1. What principle then must govern? The principle referring to instruments brought to the office at the same time. Where the hour appears, it shall be preferred over one that does not show the hour, or shall at least come in as at the same time pari passu pro rata.
2. In the absence of all statute provisions, the court will resort to the common law, which gives the mortgage force from its date.
3. The lien of a judgment is from the time of actual entering. The burthen of proof is on the judgment creditor, to show the time to the hour, and not by a fiction. (Digest, 392.)
4. The term "shall bind from the day of entry," does not include the day. That postpones to the last hour of the day. (2 Blac. Com., 319; 1Pick. Rep., 485.)
5. If there is no principle of law to decide it, the court will decide *Page 434 
it on equitable principles, and make Alrichs resort to the other fund he has mortgaged.
Mr. Booth claimed the money for Alrichs, on his judgment. A judgment, from the moment it is given, creates a general lien upon the estate of the defendant. A mortgage from its execution is a conveyance of the land mortgaged, in pledge for the payment of a debt. In the case then of a judgment and mortgage binding the same land, the judgment is of higher grade. In equity the mortgage debt is the principal, the land the accessory. (Coote's Law of Mortgage, 301; 39 Law Library.) A judgment does not bind lands, tenements or hereditaments, from the first day of the term in or of which it is entered, by relation thereto, but only from the time of actually entering or signing it. (Digest, 392.) Before the enactment of this statute, judgments did bind the estate of the debtor from the first day of the term, in or of which it was entered, whether the entry of such judgment was made in term time, or in vacation. From which day? The first day. Can it be held that the day can be divided, and that the lien commences at the conclusion instead of the commencement of the day? Even in relation to ministerial acts, the law will not regard fractions of a day. An act done on a certain day, will relate back to the first period of that day. (11 East, 498.) What is the effect and intention then of the provision of the act of assembly above mentioned? Not to change the character or effect of the lien, but merely to substitute instead of the first day of the term, the day upon which the judgment is actually signed or entered, for the beginning or creation of such lien. The lien of a judgment is to be considered as beginning to run, not from the day of its entry, but from the fact of its entry, which lets in the principle disregarding portions of a day.
It is vain then to say that it is incumbent to show what period of the day such judgment was actually signed or entered. For if, in relation to ministerial acts the law will not regard fractions of a day, a fortiori, judicial acts, performed on a certain day, must be presumed to be done at the earliest period of that day.
In relation to a mortgage, the act of assembly provides, (Digest, 91,) that a mortgage or conveyance in the nature of a mortgage, shall be a lien from the date of recording it, and not before; and (Digest, 92,) it shall be the duty of the recorder to specify the day, month and year, together with the hour and minute at which it was *Page 435 
lodged in the recorder's office, and that such specification shall be the date of its record.
In regard, therefore, to the lien of a mortgage, there can be no doubt as to its character, nor as to the time when such lien begins. That it is a pledge of the land, described in the conveyance, and as such constitutes a lien. That such lien commences, not from the date of the conveyance, but from the date of its record, according to year, month, hour and minute, in the recorder's office; and that until such entry of its record be made, it shall be of no force or effect between any other parties, than the debtor and mortgage creditor.
By the Court.
Before the act of assembly judgments were a lien from the term previous. The act was passed to change this, and make the lien to take effect from the time of entry, that is, the day as explained by the act itself in section 5.
The law knows no fractions of a day, and the judgment binds from the first period of the day. It has preference, therefore, to a mortgage recorded at 11 o'clock of the same day.
The inconvenience, referred to in argument, which supposes that a lien prior to the mortgage may be secured by judgment on a bond subsequently given, ought to be corrected by statute. It arises from the fact that the law requires an entry of the hour and minute of recording a mortgage, and only of the day of entering a judgment. The same note of time should be made as to each, and the lien should commence accordingly. But as the law stands, the common law rule of computing time must govern.